JOSEPH PARADISE *vs.* CHARLES A. RICK, *Ex.*

MAY 13, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is an action of the case in assumpsit, based only on *quantum meruit,* to enforce payment, out of the assets of the estate of Bella Malone, who deceased, testate, May 29, 1937, for personal services which the plaintiff alleges he performed for her, and some small amounts of incidental materials furnished to her, and for which, he alleges, she agreed that he would be paid, during her lifetime by her or after her death out of her estate. For such services he filed against her estate a claim in the amount of $7196.57, which was duly disallowed. This claim described the services as having been rendered during the period of twelve years next before her death.

Soon after this action had been begun, the plaintiff filed a bill of particulars, in which he described these services in considerable detail and said that they began in 1929 and continued until the death of the testatrix.

The case is now before us on a bill of exceptions, filed by the defendant after a jury trial had resulted in a verdict for the plaintiff for $3487.17 and the defendant's motion for a new trial had been denied by the trial justice on the condition that the plaintiff would file a remittitur of all damages in excess of $2780.60, which condition had been complied with by the plaintiff. Before us the defendant has relied solely on his exception to the denial of his motion for a new trial and has waived all the other exceptions stated in his bill.

The case was first tried in the superior court in the fall of 1938 and the jury returned a verdict in favor of the plaintiff for $3375. On the defendant's exceptions the case was remitted to the superior court for a new trial. *Paradise* v. *Rick,* 63 R. I. 207, 7 A. 2d. 713.

The case was tried again in the superior court and the jury, as above stated, returned a verdict for the plaintiff for $3487.17. It was then heard before the trial justice on the defendant's motion for a new trial, based on the grounds that

the verdict was against the evidence and the weight thereof and that the damages awarded were excessive.

Thereafter the trial justice filed a rescript in which he discussed the issues, the material portions of the evidence, the credibility of the plaintiff and witnesses, and the preponderance of evidence then before him as they appeared to him in the exercise of his independent judgment. He then expressly approved the verdict as to liability but held that, in his judgment, it was excessive by $706.57, because of the apparent duplication, in plaintiff's claim as filed, of certain of the items which appeared in both the first and third paragraphs thereof.

We have carefully considered the evidence and have applied to the question now before us the rules of law which were laid down in our former opinion as being the proper rules to be applied to such a question in such a case.

It is true that there were a few facts, clearly established by the evidence, which are somewhat difficult to reconcile with positive and convincing testimony, by the plaintiff, and by many witnesses who were disinterested, that the testatrix frequently stated that he would be well paid for all his work for her; that she would see that he was paid; that she would take care of him in a lump sum; and that he would be well taken care of for all that he had done for her, and the like.

But we cannot say that the above-mentioned differences are so irreconcilable as to warrant our holding that the trial justice was clearly wrong in finding, on all the evidence, that the plaintiff had established a just claim against the decedent's estate.

We further find that the trial justice in his rescript discussed all the material evidence and applied the proper rules for determining whether a new trial should be granted unconditionally; and in determining whether there was a fair preponderance of the evidence to support a verdict as to lia-

bility in some amount. But we cannot agree with his conclusion that the amount of the verdict was excessive by only the amount of $706.57, being the sum of the items set forth in the third paragraph of the plaintiff's claim as filed in the probate court.

The trial justice, in his rescript, said that these items appeared to be a duplication, in part, of services charged for in the first paragraph of the claim; that he was convinced that the services charged for in the first paragraph were much more extensive than the items in the third paragraph; and that he believed that the fairest way to leave the matter was to deduct the sum of $706.57 from the amount of the verdict.

The general heading of the first paragraph is "Taking care of the real estate of Bella Malone, in the Town of Lincoln, R. I., consisting of the following;". Then the items are stated in the most general way, with no statement of the time spent or the charge made for any item. The charge is simply made at the rate of $10 per week for that period of time alleged to be covered by the services mentioned. On the other hand, the third paragraph sets out clearly and specifically twelve items, for each of which a charge of a certain sum is made, and most of which are also included in the first paragraph, that being of the nature of a "catchall" paragraph, with no item definitely stated and evaluated.

Upon a careful consideration of the items stated in these two paragraphs respectively and of the evidence on the subject, we are convinced that the items specified in the third paragraph form a substantial part of those items generally stated in the first paragraph.

When such of the items as are definitely covered by the third paragraph are eliminated from the first paragraph, there are left in the first paragraph only the cutting of grass, repairing of screens and possibly some repairing of the garage; "and the general supervision, care and attention of said

property and the doing of whatever was necessary by way of its reparation and upkeep."

There was evidence introduced of the carrying up by the plaintiff of fuel used in the heating of the house of the testatrix; but we cannot see how this can reasonably be considered as covered by the plaintiff's claim as filed. There was also evidence of the removal of snow from the land of the testatrix.

Upon such a statement of the plaintiff's claim and on the evidence here, it seems clear to us that the proper way to proceed to determine the recovery that the plaintiff might reasonably be entitled to, upon the evidence, is to begin with the items set forth in the third paragraph. As to the last of these items, being for $129.25 for the alleged money advanced for the testatrix, we find no evidence that supports it. The other items seem to us to be fairly well supported and they amount to a total of $577.32.

When we consider the nature of the services covered by the first paragraph and the indicated small extent of the lots of the testatrix on which the plaintiff's services were performed, and also the fact that the plaintiff lived on an adjoining lot, we are convinced that the rate of pay of $10 a week, on which the plaintiff's charges in the first paragraph are based, is clearly very excessive; and that compensation at an average rate of $2 a week, considering the nature of the services, the generality of the statement of items, and the lack of more detailed proof, would be ample for the services covered by the first paragraph and not covered by the third.

The first paragraph covers a period of 427 weeks, which, at the rate of $2 per week, would make a total of $854. When the sum of $250 covered by the second paragraph and the above sum of $577.32 for the third paragraph are added to the sum allowed for the first paragraph, the final total is $1681.32. Upon the evidence here, any amount in excess of

this would be, in our judgment, clearly excessive. We are therefore of the opinion that the defendant's exception to the decision of the trial justice should be sustained on the ground that the amount of the verdict as reduced by the plaintiff's remittitur is still clearly excessive.

The defendant's exception to the decision of the trial justice is sustained.

The case is remitted to the superior court for a new trial, unless, on or before May 23, 1941, the plaintiff shall file in that court a remittitur of all of the verdict in excess of $1681.32. In case the plaintiff shall file such remittitur, the superior court is directed to enter judgment on the verdict as reduced by the remittitur.

*Woolley, Blais & Quinn, Walter J. Hennessey,* for plaintiff.

*Corcoran & Mangan, Thomas P. Corcoran, Charles E. Mangan,* for defendant.